NO. 07-06-0180-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 11, 2006
_____

RODNEY C. JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-411,112; HONORABLE ROYAL HART, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Rodney C. Jones, appeals from his conviction of aggravated assault with a deadly weapon. Sentence was imposed on February 15, 2006. The clerk's record was filed on May 4, 2006 and the reporter's record has not been filed. We will dismiss the appeal for want of jurisdiction.

Our appellate jurisdiction over a criminal appeal is triggered through a timely notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of a notice of appeal timely filed in compliance with the requirements of Rule of Appellate

Procedure 26, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case, and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). As applicable here, Rule of Appellate Procedure 26.2(a) requires a notice of appeal in a criminal case be filed within 30 days after the day sentence is imposed or suspended in open court, or within 90 days after imposition of the sentence if a timely motion for new trial is filed. Rule 26.3 allows for an extension of time if the appellant files a notice of appeal with the trial court within 15 days after the deadline for filing the notice of appeal and files a motion for extension with the appellate court.

Here, the record reflects that the court imposed sentence on appellant on February 15, 2006. No motion for new trial was filed, making the notice of appeal due on March 17, 2006. The notice of appeal was filed April 28, 2006. No motion for extension of time to file the notice of appeal was filed. Appellant's failure to file a timely notice of appeal or to meet the requirements for an extension under Rule 26.3 prevents this court from having jurisdiction over his appeal. Slaton, 981 S.W.2d at 210.

Consequently, the appeal is dismissed for want of jurisdiction.


Mackey K. Hancock
Justice

Do not publish.


2